IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| BRIAN GIFFT, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )    Civil Action No.   2:20-00094 |
| | ) |
| STATE OF WEST VIRGINIA, | ) |
| | ) |
|       Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's letter-form Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody[1] (Document No. 1), filed on January 30, 2020. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL BACKGROUND**

**1.    Criminal No. 17-F-19:**

On December 14, 2017, following a four-day jury trial, Petitioner was convicted in the Circuit Court of Jefferson County of first-degree murder with the recommendation of mercy. (See Court's Exhibit 3.) On January 24, 2018, the Circuit Court sentenced Petitioner to a life term of

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

imprisonment with mercy. State v. Gifft, 2019 WL 5854040 (W. Va. Nov. 8, 2019). On October 5, 2018, Petitioner, by counsel, Michael Santa Barbara, filed his appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Court's Exhibit 3.) Specifically, Petitioner argued that there was insufficient evidence to support his conviction. (Id.) By Memorandum Opinion filed on November 8, 2019, the SCAWV affirmed Petitioner's conviction and sentence. Gifft, 2019 WL 5854040, at * 4.

On December 10, 2019, Petitioner, by counsel, filed a "Motion to File Petitioner's Petition for Rehearing Out of Time." (Court's Exhibit 1.) In support, counsel explained that Petitioner had recently requested that a petition for rehearing be filed by counsel. (Id.) Counsel explained that he had requested that Petitioner explain what issues Petitioner wished to be presented in the petition, but Petitioner advised counsel that he needed additional time to provide such information. (Id.) Counsel, therefore, requested an extension of time to file a petition for rehearing. (Id.) By Order entered on December 16, 2019, the SCAWV granted the "Motion to File Petitioner's Petition for Rehearing Out of Time." (Court's Exhibit 2.) On January 21, 2020, Petitioner, by counsel, filed "Petitioner's Motion to File Pro Se Supplemental Pleadings Pursuant to Rule 10(c)(10)(b) of the Rules of Appellate Procedure" and "Second Motion to File Petitioner's Petition for Rehearing Out of Time." (Court's Exhibits 3 and 4.) In support, counsel stated, in pertinent part, as follows:

> On January 8, 2020, Petitioner again wrote to the undersigned and asked that the petition for rehearing repeat the arguments that had been made in the original appeal, and address other issues which were not objected to at the trial below, to file the present motion to permit the Petitioner to file documents in this matter on his own behalf pursuant to Rule 10(c)(10) of the Rules of Appellate Procedure, and to file a second motion to enlarge time within which to file the petition for rehearing.

(Court's Exhibit 3.)

2. **Section 2254 Petition:**

On January 30, 2020, Petitioner, acting *pro se* and incarcerated at Mount Olive Correctional Complex ["MOCC"],[2] filed his letter-form Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) In his Petition, Petitioner appears to allege ineffective assistance of appellate counsel. (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of the SCAWV's "Memorandum Decision" filed on November 8, 2019 (Document No. 1-1.); (2) A copy of a letter dated January 8, 2020, from Petitioner to the SCAWV regarding the status of his motion for extension of time for the filing of a petition for rehearing (Document No. 1-2.); (3) A copy of a letter from Petitioner to his appellate counsel dated January 8, 2020 (Document No. 1-3.); (4) A copy of Petitioner's Lawyer Disciplinary Board Complaint against appellate counsel dated January 9, 2020 (Document No. 1-4.); (5) A copy of the SCAWV's Docket Sheet for Case No. 18-0164 (Document No. 1-5, p. 1.); (6) A copy of a letter from appellate counsel to Petitioner dated December 20, 2019 (Id., p. 2.); (7) A copy of a letter dated November 25, 2019, from Petitioner to the SCAWV attaching a copy of Petitioner's *pro se* "Motion to Stay

---

[2] Petitioner is incarcerated at MOCC and challenges his State court conviction entered by the Circuit Court of Jefferson County. MOCC is located within the Southern District of West Virginia and the Circuit Court of Jefferson County is located within the Northern District of West Virginia. Title 28 U.S.C. § 2241(d) provides as follows:
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitions challenging a conviction are preferably heard in the district of conviction.

Direct Appeal Proceeding and Appoint New Counsel for the Perfection of an Effective Direct Appeal" (Id., pp. 3 – 13.); and (8) A copy of multiple correspondences between Petitioner and appellate counsel (Id., pp. 14 – 21.).

## **DISCUSSION**

The undersigned finds that Petitioner's federal *habeas* petition is premature. As a prerequisite to filing a Section 2254 Petition, a petitioner must exhaust his state remedies. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to

4

support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West

Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[3] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Initially, the undersigned notes that Petitioner's Section 2254 Petition is premature because proceedings are ongoing in the SCAWV. Although the SCAWV issued its Memorandum Opinion denying Petitioner's direct appeal on November 8, 2019, the SCAWV granted Petitioner an extension of time in which to file a petition for rehearing. (Court's Exhibit 2.) Petitioner has now requested a second extension of time in which to file a petition for rehearing and permission to file a *pro se* brief. (Court's Exhibits 3 and 4.) Assuming Petitioner files a timely petition for rehearing and such is denied, Petitioner will have 90 days to file a Petition for Writ of Certiorari.[4]

Next, the undersigned finds that Petitioner's federal claim of ineffective assistance of

---

[3] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

[4] A conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. An untimely petition for rehearing does not toll the statute of limitations. *See Shores v. Johnson*, 2011 WL 1897198, n. 3 (W.D.Va. May 16, 2011)(citing *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)).

appellate counsel is unexhausted. In his direct appeal, Petitioner solely argued there was insufficient evidence to support his conviction. Petitioner did not assert any claim of ineffective assistance of counsel. Furthermore, Petitioner has not yet filed a petition for a writ of *habeas corpus* in the State circuit court pursuant to West Virginia Code § 53-4A-1, and followed such by filing a petition for appeal from an adverse ruling to the SCAWV. Thus, Petitioner's claim of ineffective assistance of counsel has not been fairly presented to the SCAWV. The undersigned, therefore, respectfully recommends that the District Judge find Petitioner has not yet exhausted his available state court remedies and dismiss without prejudice Petitioner's Section 2254 Petition. See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues.); Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.)

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS without prejudice** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing

of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: February 12, 2020.

Omar J. Aboulhosn
United States Magistrate Judge